UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24026-CIV-MORENO

JOSHUA DOMOND and HAROLD HUNTER, JR.,

        Plaintiffs,

vs.

PEOPLENETWORK APS, d/b/a BEAUTIFULPEOPLE.COM, BEAUTIFUL PEOPLE, LLC, GREG HODGE, and GENEVIEVE HODGE

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

    Plaintiffs bring various trademark claims against the Defendants for their use of the term "Beautiful People" as a domain name for its online dating service and in promotional materials. The Second Amended Complaint's factual allegations establish the Defendants' registered website and use of the term "Beautiful People" in their promotional materials predate Plaintiffs' trademarks by several years. To assert trademark infringement claims, a plaintiff must as a threshold matter allege that its "use of the mark. . . predate[s] the defendant's potentially confusing mark." *Leigh v. Warner Bros. Inc.*, 212 F.3d 1210, 1216-17 (11th Cir. 2000). In this case, Plaintiffs' allegations do not meet this threshold and the Court appropriately dismisses the Second Amended Complaint.

    THIS CAUSE came before the Court upon Defendants' Motion to Dismiss **(D.E. 32)**, filed on **December 2, 2017**.

THE COURT has considered the motion, the response pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the case is DISMISSED with prejudice. The Court does not grant Plaintiffs leave to amend as amendment is futile given Plaintiffs' admission that Defendants' use of the mark predates their trademark registrations.

### I. Background

Plaintiffs, Joshua Domond and Harold Hunter, Jr., the owners of Beautiful People Magazine, Inc., are suing Defendants for trademark infringement, unfair competition, and deceptive and unfair trade practices. Defendant Peoplenetwork, APS is the registrant of the internet domain name www.beautifulpeople.com. Defendant Beautiful People LLC is a public relations and marketing consultancy company retained by Peoplenetwork. Defendants Greg and Genevieve Hodge are joint owners of Beautiful People LLC, but have no ownership interest in Peoplenetwork.

Peoplenetwork has been using the Beautiful People mark in connection with its online dating and social networking services since at least February 21, 2002, initially through its Danish website: beautifulpeople.dk and then in 2003 through its website beautifulpeople.net. On September 25, 2005, Peoplenetwork acquired and registered the beautifulpeople.com domain name, which has since been the primary name for its website. As early as March 31, 2002, Peoplenetwork began posting its Beautiful People calendars on its website. On September 30, 2008, Peoplenetwork launched a "Beautiful People" reality show in Canada, which could be viewed online. All of Peoplenetwork's websites are accessible for viewing in the United States. Approximately, 8 million people have registered to become members of Peoplenetwork's Beautiful People online dating website.

Plaintiffs' Second Amended Complaint indicates that Beautiful People Magazine dates to 2006. Beautiful People Magazine, Inc. released its first issue in October 2014. The Second Amended Complaint states that Beautiful People Magazine applied for the mark "Beautiful People in Action" on May 5, 2008. The United States Trademark Office issued the registration on September 21, 2010. Plaintiffs also applied for the mark Beautiful People Magazine on December 13, 2010 and the resulting registration was issued on December 9, 2014. Plaintiff Joshua Domond also applied for the mark "Beautiful People Fashion Week Seven: Seal of God, Trinity Father, Son, and the Holy Spirit" on November 19, 2013 and the resulting registration was issued on February 23, 2016. Plaintiffs' Second Amended Complaint admits that Defendants' use of the website predates their trademark applications.

Defendants' motion to dismiss outlines the history of the parties' relationship.[1] Plaintiffs applied to register the Beautiful People Magazine mark before the U.S. Patent and Trademark Office, and they intended to use the mark in connection with a downloadable magazine. Decl. of David Caplan, Exhibit F (Records from U.S. Patent and Trademark Office). Defendants opposed the application on the ground that it would likely cause consumer confusion as to whether Plaintiffs' magazine was published, sponsored, or approved by Defendant Peoplenetwork. *Id.* at Exhibit D (Notice of Opposition filed in U.S. Patent and Trademark Office). Due to the lengthy discovery, Peoplenetwork decided not to pursue the opposition. *Id.*; *Joshua Domond v. 37.37,*

---

[1] Defendants have provided the Court with records from the U.S. Patent and Trademark Office. *Roberts v. Gordy*, No. 13-24700-CIV-WILLIAMS, 2015 WL 12911328, n.3 (S.D. Fla. Sept. 15, 2015) (taking judicial notice of records from the U.S. Patent and Trademark Office). A court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records that are "central" to a plaintiff's claims, without converting the motion to dismiss into a motion for summary judgment. This is so, as long as such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir.2010) (quoting Fed. R. Evid. 201(b)). The records from the U.S. Patent and Trademark Office provide context in this case. That being said, the Court relies solely on the allegations of the Second Amended Complaint in adjudicating the merits of the Motion to Dismiss.

*Inc.*, 113 U.S.P.Q. 2d 1264, 2015 WL 370040 (Trademark Tr. & App. Bd. Jan.2, 2015) (finding petitioner Domond's discovery requests voluminous).

On February 25, 2015, Plaintiffs sought the transfer of Peoplenetwork's domain name to themselves by filing a complaint under the Uniform Domain Name Dispute Resolution Policy. Decl. of David Caplan, Exhibit L at 86.[2] A three-member panel found that Peoplenetwork's registration of its domain names and their services predate Beautiful People Magazine's registration by several years. *Id.* The panel rejected Plaintiffs' claims and found Plaintiffs, through their predecessor company, had "engaged in reverse domain hijacking." *Id.* at 96-97. ("[A] finding of [reverse domain name hijacking] is warranted if the Complainant knew or should have known at the time it filed the Complaint that it could not prove one of the essential elements required by the Policy . . . [S]uch a finding is particularly appropriate where the Respondent's registration of the domain name predates the very creation of the Complainant's trademark.")

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir.

---

[2] The Uniform Domain Name Dispute Resolution panel's decision is not referenced in the Second Amended Complaint; thus, this court will only consider it on a motion to dismiss if it is subject to judicial notice. *Green Tree Fin. Corp. v. Honeywood Dev. Corp.*, No. 98 C 2332, 2001 WL 62603, at *6 n.4 (N.D. Ill. Jan. 24, 2001). Courts have taken judicial notice of arbitration decisions. *See Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1326 n. 3 (8th Cir.1994); *Yerkovich v. MCA Inc.*, 11 F. Supp. 2d 1167, 1169 n. 2 (C.D. Cal.1997). In any event, the court is not taking judicial notice of the Panel's decision for the purpose of establishing the truth of matters asserted in the arbitration. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 n. 6 (explaining role of judicial notice and citing, *inter alia*, *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992) ("a court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'")). The panel's decision does not impact this Court's resolution of the motion to dismiss, but the Court finds its existence provides context. The Court's decision on the motion to dismiss is based on the allegations of the Second Amended Complaint.

2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. Analysis

In their Second Amended Complaint, Plaintiffs allege trademark infringement, unfair competition, and contributory trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and the Florida common law. To prevail on each of these claims, Plaintiffs "must show (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion." *Carnival Brand Seafood Co. v. Carnival Brands, Inc.*, 187 F.3d 1307, 1309 (11th Cir. 1999); *Suntree Technologies, Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) ("To be liable for contributory trademark infringement, a defendant must have . . . intentionally induced another to infringe a trademark"; requiring the plaintiff to prove direct infringement); *Tally-Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1022-23 (11th Cir. 1989) ("Under the [Florida] common law, trademark rights are appropriated only through actual prior use in commerce. . . .The first to use a mark on a product or service in a particular geographic market, the senior user, acquires rights in the mark in that market."); *Edge Systems*

*LLC v. Aguila*, 186 F. Supp. 3d 1330, 1359 (S.D. Fla. 2016) ("The legal standards for Florida statutory and common law claims of trademark infringement and unfair competition 'are the same as those for federal claims of trademark infringement and unfair competition.'").

Defendants are moving to dismiss Plaintiffs' claims with prejudice. In their motion, Defendants argue the Second Amended Complaint establishes that Defendant Peoplenetwork has priority of use in "Beautiful People." Defendants also argue the "fair use" defense applies to foreclose Plaintiffs' trademark claims.[3] The individual Defendants, Greg and Genevieve Hodge, argue this Court lacks personal jurisdiction over them.[4]

### A. Priority Defense

To assert either a common law or federal statutory trademark infringement claim, a plaintiff must as a threshold matter allege that its "use of the mark. . . predate[s] the defendant's potentially confusing mark." *Leigh v. Warner Bros. Inc.*, 212 F.3d 1210, 1216-17 (11th Cir. 2000). Priority of use is a threshold issue that must be resolved prior to addressing issues of validity and likelihood of consumer confusion. *Popular Bank of Florida v. Banco Popular de Puerto Rico*, 9 F. Supp. 2d 1347, 1353 (S.D. Fla. 1998). Plaintiffs cannot meet their burden to establish priority of use simply by filing a federal registration. To state viable trademark claims, Plaintiffs must allege that they used the Beautiful People mark in the relevant market before Defendants actually used the terms. *Id.* Plaintiffs' Second Amended Complaint admits this is not

---

[3] Generally, the fair use defense is not ripe for adjudication on a motion to dismiss in a copyright infringement action. *Katz v. Chevaldina*, 900 F. Supp. 2d 1314, 1315 (S.D. Fla. 2012). The Court need not reach the issue in any event as the Defendants have established they had priority of use.

[4] Because the Court finds the Defendants have established their priority of use, the Court need not reach the personal jurisdiction argument. In any event, if the Court were to undergo a personal jurisdiction analysis, the requirements of Florida's long arm statute are not met. The allegations of Greg and Genevieve Hodge's virtual presence in the state and their actions taken through the Beautiful People LLC are insufficient to meet the requirement that there be "substantial and not isolated activity" in the state. § 48.193, Fla. Stat. (2016); *see Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 852 (11th Cir. 1988) ("[U]nder sound due process principles, the nexus between the corporate agent[s] and the forum state is too tenuous to support jurisdiction over the agent[s] personally. . ..").

the case. *Plasmart, Inc. v. Wincell Int'l Inc.*, 442 F. Supp. 2d 53, 60-61 (S.D.N.Y. 2006). (holding that it was unlikely plaintiff could state a claim for trademark infringement because the allegedly infringing use began before the plaintiff acquired any trademark rights.).

The Second Amended Complaint here establishes Defendants launched their website in Denmark in 2002 and in the United States and the United Kingdom in 2005. Plaintiffs admit that although their magazine, Beautiful People, dates to 2006, their first issue printed in October 2014. Plaintiffs' other registration for Beautiful People in Action has a first use date of August 31, 2009. Plaintiffs' allegations in the Second Amended Complaint establish that Defendants have priority of use. The allegations simply cannot state claims for trademark infringement.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," leave to amend should be freely given. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (citing Fed. R. Civ. P. 15(a)). The Court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *Id.* In this case, the Plaintiffs have filed a Second Amended Complaint and the allegations regarding the dates of use establish the Defendants' priority of use. Accordingly, the Court finds amendment is futile as the Plaintiffs' factual allegations clearly preclude Plaintiffs' trademark claims.

DONE AND ORDERED in Chambers at Miami, Florida, this 16 of June 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

7