UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
16-24026-CIV-MORENO

JOSHUA DOMOND and HAROLD HUNTER, JR.,

    Plaintiffs,

vs.

PEOPLENETWORK APS, d/b/a BEAUTIFULPEOPLE.COM, BEAUTIFUL PEOPLE LLC, GREG HODGE, and GENEVIEVE HODGE,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECUSAL

Almost two months after the Court dismissed their case, Plaintiffs filed this motion for recusal. Their motion stems from a former law clerk's[1] representation of Defendants in this matter, which Plaintiffs filed more than six years after his clerkship term ended. After carefully considering the statutory standards and the case law, the Court concludes that the motion for recusal should be denied.

THIS CAUSE came before the Court upon Plaintiffs' Motion for Recusal **(D.E. No. 57)**, filed on **August 2, 2017**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons stated in this order.

---

[1] The undersigned's former law clerk, Ryan Zagare, is no longer working at the law firm that represented Defendants in this now closed case.

## Legal Standard and Analysis

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 327 F. App'x 819, 824 (11th Cir. 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *HPC US Fund 1, L.P. v. Wood*, 182 F. Supp. 3d 1284, 1287 (S.D. Fla. 2016).

Section 455(a) requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(b)(1) requires judges to disqualify themselves "where [they] have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In *Thomas*, the Eleventh Circuit stated:

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.

*Id.* (internal quotations omitted) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) and *Hamm v. Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)); *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety. The section requires a party's timely affidavit, which must be submitted along with counsel's additional certification of good faith. Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In determining whether recusal is appropriate, therefore, the Court must first determine whether the following three elements have been met: (1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient. *Id.* Although the Plaintiffs filed an affidavit in support of their recusal motion, there is little doubt that it fails to comply with the statute's timeliness requirements. The motion to recuse and the affidavit were filed after the Court entered a final order in this case.

In addition to being untimely, the Plaintiffs' motion to recuse also fails on the merits under both statutory provisions. The centerpiece of Plaintiffs' allegations concerning the Court's and Judge O'Sullivan's alleged "actual bias" is a former law clerk's service to the undersigned from 2009 to 2010. Plaintiffs argue that the law clerk's work on this case six years after his term ended warrants the Court's recusal. Florida State Bar Rule 4-1.12 provides that "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a...law clerk...." Fla. St. Bar Rule 4-1.12. "This does not amount to a proscription on former law clerks practicing in front of their judges." *Brown v. Brock*, 169 F. App'x 579, 583 (11th Cir. 2006). The Eleventh Circuit added that "an ethical danger exists only if the law clerk

knows the judge's thoughts about a specific matter and the law clerk subsequently represents one of the parties to the matter before the judge." *Id.* Because Mr. Zagare did not "participate personally and substantially" as a law clerk in this case that post-dated his term by six years, recusal is not warranted.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of October, 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record