UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-24026-CIV-MORENO

JOSHUA DOMOND and HAROLD HUNTER, JR.,

        Plaintiffs,

vs.

PEOPLENETWORK APS DBA
BEAUTIFULPEOPLE.COM, BEAUTIFUL
PEOPLE, LLC, GREG HODGE, and
GENEVIEVE MAYLAM,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS

Defendants are seeking attorney's fees and costs under the Lanham Act, which allows prevailing parties to recover in "exceptional cases." Determining whether this case is "exceptional" requires the Court examine its history. This Court dismissed Plaintiffs' case because their own allegations showed Defendants' use of the term "Beautiful People" in their website and promotional materials predated the Plaintiffs' registration. Plaintiffs could not meet their burden to establish priority of use, which is a threshold issue. In so holding, the Court also explained the parties' prior history. Before filing this case, the parties participated in an arbitration proceeding before a three-member panel under the Uniform Domain Name Dispute Resolution Policy. That panel found the Defendants' use of the domain name predated the Plaintiffs' creation of their trademark, which resulted in a ruling in favor of the Defendants. Despite knowing Defendants' use predated their own and after having an arbitration panel find Plaintiffs' claim to the domain name lacked merit, the Plaintiffs filed this case under the Lanham

Act. The Court finds that this case is "exceptional" warranting an award of fees and costs under the Lanham Act. This is exactly the type of unjustified litigation that section 35(a) of the Lanham Act sought to prevent. *Schmidt v. Versacomp, Inc.*, No. 08-60084-CIV-MOORE, 2012 WL 12947144, at *3 (S.D. Fla. July 31, 2012); *Brooks Furniture Mfg., Inc. v. Dutalier Intern., Inc.*, 393 F.3d 1378,1382 (Fed. Cir. 2005).

THIS CAUSE came before the Court upon Defendants' Motion for Attorney's Fees (**D.E. 52**), filed on **August 1, 2017**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. The Court awards Defendants $62,434.75 in attorney's fees and $2,344.33 in costs. For which sums let execution issue.

## I. Background

This Court dismissed Plaintiffs' trademark action with prejudice on June 16, 2017. The Court found the Defendants' use of the term "Beautiful People" on their registered website and promotional materials predated Plaintiffs' trademarks by several years. The Court found Plaintiffs could not meet their burden to show priority of use since their own allegations showed the Defendants' use of the term "Beautiful People" predated the Plaintiffs' trademark registration.

This Court's Order also detailed the parties' prior history. The Defendants had opposed Plaintiffs' trademark registrations, but when faced with lengthy discovery decided not to pursue that course of action. Plaintiffs also sought transfer of Defendants' domain name to themselves by filing a complaint under the Uniform Domain Name Dispute Resolution Policy. A three-member panel found that Defendants' registration of its domain names and their services

2

predated Plaintiffs' registration by several years. The panel rejected Plaintiffs' claims and found Plaintiffs had engaged in "reverse domain hijacking."

After this Court dismissed this case, Plaintiffs filed a Rule 59(e) motion to alter the judgment, a notice of appeal in the Federal Circuit, and a motion to recuse. This Court denied the Rule 59(e) motion and the motion to recuse.

## II. Analysis

*A. Entitlement to Fees*

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "Historically, the Eleventh Circuit has defined the Act's language of 'exceptional case' as 'one that can be characterized as malicious, fraudulent, deliberate, and willful, or one in which evidence of fraud or bad faith exists.'" *Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 116 F. Supp. 3d 1290, 1292 (N.D. Ala. 2015) (quoting *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001)). The *Tire Kingdom* standard is in question because the Supreme Court has since interpreted the identical "exceptional case" language in the Patent Act. *Id.* In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Supreme Court adopted a far less stringent standard defining "exceptional" consistent with its ordinary dictionary meaning: uncommon, rare, not ordinary, out of the ordinary course, unusual, or special. *Id.* at 1756.

The Supreme Court stated that an "exceptional case" is "one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* District courts must exercise discretion on a case-by-case basis considering the totality of the circumstances to determine if a case is "exceptional."

3

*Id.* After *Octane Fitness*, the Third, Fourth, Fifth, and Ninth Circuits have applied the *Octane Fitness* standard to an award of attorney's fees under the Lanham Act. *See SunEarth Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180 (9th Cir. 2016); *Baker v. DeShong*, 821 F.3d 620, 624 (5th Cir. 2016); *Georgia-Pac. Consumer Products LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314 (3d Cir. 2014); *see also Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 317-18 (6th Cir. 2015) (remanding to district court and indicating that identical statutes such as Patent Shifting Provision and the Lanham Act, should be interpreted alike).

The Eleventh Circuit has not addressed the issue, but courts in this district have applied *Octane Fitness* to Lanham Act cases. *Tobinick v. Novella*, 207 F. Supp. 3d 1332, 1342 (S.D. Fla. 2016) (holding that a showing of subjective bad faith is no longer required in Lanham Act "exceptional case" jurisprudence); *Bucellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-21297-CIV-MOORE/McAliley, 2015 WL 11202358, at *3 (S.D. Fla. Mar. 10, 2015); *Florida Int'l Univ. Bd. of Trustees v. Florida Nat'l Univ. Inc.*, Case No. 13-21604-CIV-WILLIAMS/SIMONTON (Report and Recommendation) (S.D. Fla. Aug. 11, 2017).

Although this Court agrees that *Octane Fitness* is the applicable standard, this case qualifies for an award for attorney's fees under either approach. Plaintiffs advanced claims they should have known were meritless. Prior to filing this case, an arbitration panel found that Defendants' use of the beautifulpeople.net and beautifulpeople.com domain names to offer dating services predated the Plaintiffs' registrations. Decl. of David Caplan, Exh. K (D.E. 14-1 at 91, 94) The panel rejected Plaintiffs' claims and found Plaintiffs through their predecessor company, had "engaged in reverse domain hijacking." *Id.* at 98. The panel stated that "a finding of [reverse domain hijacking] is warranted if the Complainant knew or should have known at the

time it filed the Complaint that it could not prove one of the essential elements required by the Policy . . . [S]uch a finding is particularly appropriate where the Respondent's registration of the domain name predates the very creation of the Complainant's trademark." *Id.* at 98. This Court noted in its Order Granting the Motion to Dismiss that even the Plaintiffs' Second Amended Complaint contained factual allegations establishing Defendants' registered website and use of the term "Beautiful People" in their promotional materials predated Plaintiffs' trademarks by several years. If this were not enough to call this an "exceptional case" under the Lanham Act, Plaintiffs' response to the motion for fees put the icing on the cake. Even knowing they had no viable claims given the well-established priority of use doctrine, the Plaintiffs pursued this case when Defendants refused to settle by providing a licensing agreement. In responding to the Motion for Attorney's Fees, Plaintiffs readily admit that "Defendants could have prevented this lawsuit by settling this matter out of court via licensing but Defendants refused to do so." Certainly, these facts are sufficient for this Court to exercise its discretion under *Octane Fitness* or *Tire Kingdom* and find this case meets the standard for an "exceptional case" warranting fees under the Lanham Act.

Plaintiffs argue that because Defendants have paid their attorney's fees, the motion should be denied. The Defendants' ability to pay is not relevant under section 35(a) of the Lanham Act. The provision affords "protection to defendants 'against unfounded suits brought by trademark owners for harassment and the like.'" *Vital Pharm., Inc. v. American Body Bldg., Prods., LLC*, 510 F. Supp. 2d 1043, 1045 (S.D. Fla. 2007) (quoting *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 524 (D.C. Cir. 1985)). That Defendants have paid their bills is not pertinent to the entitlement issue.

*B. Amount of Fees*

The Court uses the lodestar method to determine the reasonableness of a fee application. The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Defendants contend the appropriate lodestar figure in this case is $62,434.75.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Plaintiffs challenge the reasonableness of the hourly rates. Specifically, Plaintiffs object to the hourly rate for attorneys David Caplan and Ryan Zagare. Plaintiffs do not object to the rates for Harry Schafer, Sara Stadler, Theodore Davis, or Rachel Friedman.

In his declaration, David Caplan, a partner at Kilpatrick Townsend & Stockton LLP, said that his firm is known for its expertise in intellectual property law. Mr. Caplan has over 21 years experience and his hourly billing rate in this case ranged from $645 to $675. Mr. Harry Schafer's declaration provided Mr. Zagare's hourly rate of $425. Mr. Zagare, a shareholder at Kenny Nachwalter, had eleven years' experience in commercial and federal litigation. After examining the evidence of the Miami legal market provided by Defendants, the Court determines both Mr. Caplan's and Mr. Zagare's hourly rates are reasonable.

Plaintiffs object to 106.2 hours billed on this case through May 31, 2017. Without explanation, Plaintiffs provided a list of time entries and assorted cost items and objected to them as "duplicative or excessive." Plaintiffs' objections do not comport with Local Rule 7.3(a), which provides:

6

> Within fourteen (14) days after filing and services of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate.

S.D. Fla. L.R. 7.3(a). Plaintiffs' response falls far short of meeting the Local Rule's requirements. Merely stating that an entry is duplicative or excessive does not suffice under the "reasonable particularity" requirement of the Local Rule. The Defendants' time records detail the time spent on tasks and show the work was efficiently distributed to attorneys charging lower rates. The Court therefore agrees with Defendants' lodestar calculation.

*C. Costs*

A prevailing party may recover reasonable costs under the Lanham Act. 15 U.S.C. § 1117(a); *Pelc v. Nowak*, 596 F. App'x 768, 770 (11th Cir. 2015) (stating a prevailing party under the Lanham Act may recover the costs of the action). Defendants are seeking reimbursement for document reproduction ($173.70), computer research ($859.32), and travel ($1,311.31). Plaintiffs have not contested the reasonableness of these costs, and the Court finds they are indeed reasonable.

DONE AND ORDERED in Chambers at Miami, Florida, this ___9th___ of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies Furnished to:

Counsel of Record